STATE OF MAINE *vs.* GEORGE TOWLE and another.

Kennebec. Opinion April 2, 1888.

*Fishing. Great Pond. R. S., c. 40, § 70.*

Revised Statutes, c. 40, § 70, prohibiting the use of a net other than a dip net, when fishing in fresh water, is applicable to Great Pond in Kennebec county.

ON exceptions from the superior court.

The opinion states the case.

*L. T. Carlton*, county attorney, for the state.

*H. M. Heath*, for defendants.

The point in issue is whether R. S., c. 40, § 70, or c. 65 of the Public Laws of 1859, is the law prohibiting the taking of fish in Great Pond in Kennebec by use of nets other than a dip net. Chapter 65, Public Laws of 1859, reads as follows: "Whoever sets any net . . . in Snow, Great, Long, McGrath, North, East, or Richardson Ponds . . . for the purpose of taking, destroying or obstructing the free passage of fish therein, shall forfeit two dollars.

Chapter 65, 1859, has remained unrepealed. See Repealing Act, R. S., c. 1871, p. 935. In enumerating acts of 1859, repealed, c. 65 is excepted. See note, R. S., 1871, p. 375, at

end of c. 40, stating that c. 65, 1859, being of local interest only, is not incorporated in chapter, but still in force; see also R. S., 1883, p. 384, containing same note at the end of c. 40, to the effect that c. 65, 1859, is still in force; see also Repealing Act, 1883, p. 996, subheading "1859."

We contend that R. S., c. 40, does not apply to any pond or lake.

WALTON, J. The defendants have been tried and found guilty of the offense of using a net other than a dip net for the capture of fresh water fish in Great pond, in the county of Kennebec. This offense is described in R. S., c. 40, § 70.

The exceptions state that the defendants seasonably filed a motion in arrest of judgment, upon the ground that the acts alleged in the indictment constituted no offense under the section above mentioned; that the law governing such acts upon Great pond is the act of 1859, c. 65.

It is not clear how such an objection can be taken in arrest of judgment; but as the justice of the superior court instructed the jury that the R. S., c. 45, § 70, was applicable to Great pond, and as the question will become an important one when judgment upon the defendants is passed, the penalties under the two statutes being different, we have examined the question, and we have no doubt the ruling was correct.

In 1869, our fishery laws underwent a very thorough revision. The revising act (Act 1869, c. 70) consisted of thirty-four sections, and, with a few exceptions therein mentioned, was made applicable to all the fresh waters of the state above the flow of the tide. The very first section of the act so declares. And, as none of the exemptions apply to Great pond, of course it was included within the operation of the act. Section 20 of that act is identical with section 70, c. 40, of the present Revised Statutes. It was first copied into the revision of 1871, and from there into the present revision without the change of a single word. We have no doubt it is the law of the land to-day, and has been ever since its enactment in 1869, and that it is applicable to Great pond, in the county of Kennebec, as well as to all

the other fresh waters of the state not expressly exempted from its operation. Great pond is not exempted.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.